UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHARON KAY VALDEZ,

    Plaintiff,

v.

ST. VINCENT SHELTER,

    Defendant.

Case No. 3:24-cv-00561-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Motion to Proceed *in forma pauperis*. (Doc. 4). The Plaintiff filed her motion on February 27, 2024. Being duly advised in the premises having fully considered the issues and arguments raised, the Court **DENIES** the motion and **DISMISSES** this claim for lack of jurisdiction.

The Plaintiff filed this lawsuit alleging a myriad of issues. The Plaintiff used the pro se Civil Rights Complaint form and alleges that the Defendant and unnamed employees of the Defendant's are employed by the state, local, or federal government and that they violated her civil rights. However, the barely intelligible complaint alleges some kind of conspiracy involving lost keys and mailboxes; the claims alleged do not establish a prima facie civil rights claim. (Doc. 3). The Plaintiff has failed to keep her mailing address updated and mail to the Plaintiff has remained undelivered.

"St. Vincent Shelter" refers to St. Vincent de Paul's Shelter in East St. Louis, within the state of Illinois. St. Vincent de Paul is a religious charitable entity and there is no indication that they were acting as or on behalf of a state actor. Given the lack of a prima facie claim and the lack of information pertaining to St. Vincent de Paul's status, there appears to be no federal

question here.

The Shelter itself is in Illinois and the Plaintiff is also citizen of Illinois. It is unclear if the Shelter is part of a larger network associated with Society of St. Vincent de Paul or not, but the Plaintiff has not alleged that in their complaint. Lacking any other information, the Court will presume that the Shelter is a standalone entity. Consequently, both the Plaintiff and Defendant are citizens of the same state and, therefore, there is no diversity of citizenship.

Additionally, the Plaintiff has sued a number of employees at the Shelter. The Plaintiff has not alleged the citizenship of these employees, though common sense would dictate that there is likely at least one employee or supervisor who is a citizen of Illinois. Regardless, without adequately pleading citizenship, the Court cannot extend jurisdiction where it is not clear jurisdiction exists.

Moreover, the Plaintiff has not alleged an amount in controversy. Under the section for damages, the Plaintiff merely put "as much as possible." (Doc. 1). This is not an adequate statement for damages. Because there is no diversity of citizenship and no amount in controversy, there is no diversity jurisdiction here.

Because federal courts are courts of limited jurisdiction and there is neither diversity nor a federal question presented here, this Court does not have subject matter jurisdiction over these claims. Therefore, the motion for IFP is hereby **DENIED** and this case is **DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED.**
**DATED:  May 30, 2024**

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**