UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHARON KAY VALDEZ,

    Plaintiff,

v.

ST. VINCENT SHELTER,

    Defendant.

Case No. 3:24-cv-00561-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on a motion for reconsideration. (Doc. 12). The Plaintiff filed her motion on June 11, 2024. Being duly advised in the premises having fully considered the issues and arguments raised, the Court **DENIES** the motion.

The Plaintiff filed a complaint and motion to proceed *in forma pauperis* on February 2, 2024. (Docs. 3, 4). The Plaintiff used the pro se Civil Rights Complaint form and alleged that the Defendant and unnamed employees of the Defendant's are employed by the state, local, or federal government and that they violated her civil rights.

However, the barely intelligible complaint alleged some kind of conspiracy involving lost keys and mailboxes; the claims alleged did not establish a prima facie civil rights claim. (Doc. 3). The Plaintiff failed to keep her mailing address updated and mail to the Plaintiff remained undelivered. (Docs. 8, 9). Even the order dismissing this case was returned as undeliverable. (Doc. 11). The Plaintiff has now moved to reconsider that order and vacate judgment. (Doc. 12). The entirety of her motion reads:

> Reconcideration (sic)
> I Sharon Kay Valdez am asking the Courts for a Reconsideration on all three court cases due to like (sic) of honest address help and hospitalized for contamination from the cases and the residents.
> Sincerely,
> Mrs. Sharon Kay Valdez

(Doc. 12). The one-page motion, similar to Valdez's initial motions, is barely intelligible. The Court infers Valdez to be saying there was some dishonesty regarding her address and that she was hospitalized and unable to read or respond. It is strange that Valdez makes these claims about her address when it was Valdez who provided her initial address and provided an updated address, (Doc. 7), that was undeliverable.

Regardless, the Court construes Valdez's motion to be under Federal Rule of Civil Procedure 59(e) since she mailed it within twenty-eight days of entry of judgment. *See Krivak v. Home Depot U.S.A., Inc.*, 2 F.4th 601, 604 (7th Cir. 2021) ("[R]egardless of what counsel called it, all substantive motions filed within the time period described by Rule 59(e) fall under that Rule regardless of the lingo associated with the post-judgment motion.").

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020). A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876; *accord A&C Constr.*,

963 F.3d at 709. The Court's orders "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *A&C Constr.*, 963 F.3d at 709 (internal quotations and citation omitted). Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

Given Valdez claims she is indigent and proceeds *pro se* the Court is inclined to be charitable to her request for reconsideration. However, even taking Valdez's claims at face value and assuming *arguendo* that she establishes good cause to reopen this case; the reason her case was dismissed was due to both lack of merit and lack of subject matter jurisdiction. In her motion, Valdez points to no newly discovered material evidence, intervening changes in the controlling law, manifest errors of law or fact, nor does she advance an argument that this Court has jurisdiction. The pattern of nearly unintelligible filings does not inspire confidence, were the Court to reopen this case, that Valdez would be able to argue that this Court has jurisdiction. Without jurisdiction, this Court has no authority to hear this case. Unless Valdez presents evidence or intelligible arguments that indicate this Court has subject matter jurisdiction and that her claims have merit, the order dismissing this case stands.

## CONCLUSION

For all these reasons, the Court **DENIES** Valdez's motion for reconsideration (Doc. 12). If Valdez wishes to appeal the judgment in this case or this decision, Valdez must file a notice of appeal with this Court within 60 days of entry of this order. Fed. R. App. P. 4(a)(1)(B) & 4(a)(4).

**IT IS SO ORDERED.**
**DATED:  June 14, 2024**

                                                *s/ J. Phil Gilbert*
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**